UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEBEDE ABAWAJI,

          Petitioner,

    v.

ERIC JACKSON,

          Respondent.

CASE NO. C18-0193-RAJ-MAT

ORDER RE: PENDING MOTIONS

Petitioner proceeds *pro se* and *in forma pauperis* in this habeas corpus matter pursuant to 28 U.S.C. § 2254. There are currently several motions pending. (Dkts. 18, 19 & 22.) Having considered those motions and any responses, the Court herein finds and rules as follows:

(1) Both parties seek alterations in scheduling. The Order for Service and Answer to the amended habeas petition calls for the service of a response to the answer not later than the Monday immediately preceding the Friday designated for consideration of the matter. (Dkt. 16 at 2.) Petitioner requests adjustment of the due date for his response because the law library at his place of confinement is closed on Sundays and Mondays. (Dkt. 18.) He also notes he must kite the law library twenty-four hours prior to placing his name on the callout sheet. Counsel for respondent seeks an extension of time to submit an answer because he has not yet received all of

ORDER
PAGE - 1

the files from petitioner's state court proceedings and requires time to obtain and review those files before completing an answer to the amended petition. (Dkts. 22-23.)

Finding both requests reasonable, the Court herein GRANTS the motions (Dkts. 18 & 22) and adjusts the briefing schedule as follows. Respondent shall file an answer on or before **July 23, 2018**. On the face of the answer, respondent shall note it for consideration on the fourth Monday after filing. Petitioner may file and serve a response not later than the Tuesday immediately preceding the Monday designated for consideration of the matter, and respondent may file and serve a reply not later than the Monday designated for consideration of the matter. Petitioner is advised to plan in advance by timely requesting placement on a callout sheet prior to the due date for his response.

(2) Petitioner filed a "Motion for Fact." (Dkt. 19.) As respondent observes, petitioner appears to seek discovery in the form of forensic testing of a weapon apparently admitted as an exhibit in the state court criminal proceedings. Respondent objects to the request for discovery, and petitioner, in reply, asks for either immediate release from confinement or the forensic testing requested in his motion. (Dkts. 20-21.)

Habeas petitioners do not have a right to discovery. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) (citing *Harris v. Nelson*, 394 U.S. 286, 296 (1969)). Discovery is allowed pursuant to the Court's discretion and only for good cause shown. Rule 6(a) of the Rules Governing Section 2254 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.") Absent a showing of good cause, a court should deny a motion for leave to conduct discovery. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999). *See also Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use

federal discovery for fishing expeditions to investigate mere speculation.")

Moreover, under 28 U.S.C. § 2254(d)(1), this Court's review is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As explained by the Supreme Court, allowing "a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*[,]" would be contrary to the purpose of affording state courts the primary responsibility for considering a prisoner's claims. *Id.* at 182-83 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.") Therefore, "evidence introduced in federal court has no bearing on §2254(d)(1) review." *Id.* at 185. Only *after* finding a state court adjudication unreasonable, may a federal court consider new evidence. *Hurles v. Ryan*, 752 F.3d 768 (9th Cir. 2014) (citing *Pinholster*, 563 U.S. at 185-86).

In this case, respondent has not yet submitted the relevant state court record and answer to the petition, allowing for the Court's review of petitioner's habeas claims. The Court finds the request for discovery both premature and lacking the required showing of good cause.

Nor is there any basis for granting petitioner's alternative request for immediate release from confinement. A petitioner is entitled to habeas relief only upon showing he is in custody in violation of federal law and that the highest state court decision rejecting his grounds was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(a) and (d)(1). Alternatively, a habeas petition may be granted if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. § 2254(d)(2). In this case, the Court has not yet considered whether petitioner is entitled to habeas

ORDER
PAGE - 3

relief. For this reason, and for the reasons stated above, petitioner's Motion for Fact (Dkt. 19) is DENIED.

(3) The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

DATED this 22nd day of June, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 4