1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  KEBEDE ABAWAJI,

9                              Petitioner,         Case No. C18-0193-RAJ-MAT

10         v.

11  ERIC JACKSON,                                  REPORT AND RECOMMENDATION

12                              Respondent.

13

14          INTRODUCTION AND SUMMARY CONCLUSION

15          Petitioner Kebede Abawaji is a state prisoner who is currently confined at the Monroe

16  Correctional Complex – Twin Rivers Unit.  He seeks relief under 28 U.S.C. § 2254 from a 2015

17  King County Superior Court judgment and sentence.[1]  Respondent has filed an answer to

18  petitioner's second amended petition, together with relevant portions of the state court record, and

19  petitioner has filed a response to respondent's answer.  This Court, having carefully reviewed

20  petitioner's second amended petition, respondent's answer thereto, and the balance of the record,

21  concludes that petitioner's second amended petition and this action should be dismissed, with

22

23  ———————————————
          [1] Petitioner's second amended petition, filed on April 25, 2018, is the operative petition in this action.  (Dkt. 15.)

REPORT AND RECOMMENDATION - 1

prejudice, because petitioner's claims are not cognizable in this federal habeas action.

FACTUAL BACKGROUND

The Washington Court of Appeals, on direct appeal, summarized the facts underlying petitioner's convictions as follows:

> Kebede Abawaji and Tigist Belte married in Ethiopia in 1999. They immigrated to the United States in 2003. The couple had five children together. At some point, the couple separated. After their separation, the couple engaged in disputes over Belte's alleged relationship with another man.

> On November 1, 2014, Belte and Abawaji were in her upstairs bedroom. Abawaji was angry and began arguing with Belte. At one point, he grabbed Belte by her neck, threw her onto the bed and choked her. Abawaji told Belte that he was going to kill her. Belte was able to get away and went downstairs. Abawaji followed her. He then went to the kitchen got a large knife and came towards her. Belte fled the home. After the couple's son was able to disarm Abawaji, Belte returned to the house and called 911. Seattle Police Department officers responded. Abawaji was taken into custody and the matter was referred to the Seattle City Attorney's Office.

> Based on this incident, Abawaji was charged in Seattle Municipal Court with one count of assault in the fourth degree and one count of unlawful use of a weapon. While the charges were pending, Belte's mother died. Members from their Ethiopian community comforted Belte. They also convinced her to drop the charges against Abawaji. The case against Abawaji proceeded to trial in Seattle Municipal Court but was dismissed with prejudice when Belte did not appear for trial. A short time later, Abawaji and Belte divorced. However, Abawaji remained involved with Belte and the children.

> On April 1, 2015, officers responded to a 911 call on the street near Belte's home. Abawaji reported to the 911 operator that he hit his wife in the head with a hammer because she pissed him off. When officers arrived, Abawaji immediately lay on the ground and put his hands behind his back. The officers arrested Abawaji.

> Abawaji was charged in King County Superior Court with attempted murder in the first degree and assault in the first degree based on this incident. He was also charged felony harassment based on Abawaji's alleged threat to kill Belte on November 1, 2014.

> Prior to trial, Abawaji moved to dismiss the felony harassment charge. He argued that the harassment charge and the two misdemeanor charges filed in Seattle Municipal Court were "related offenses" as that term is defined in CrR 4.3.1, the

REPORT AND RECOMMENDATION - 2

mandatory joinder rule.  He argued that because the harassment charge was not joined with the misdemeanor charges, under the rule, it must be dismissed.

The State argued that the mandatory joinder rule did not apply because the offenses were not related.  In the alternative, the State urged the court to deny the motion because "the ends of justice would be defeated if the motion were granted." CrR 4.3.1(b)(3).  The State argued that the exception applied because the municipal court charges against Abawaji were dismissed only after Belte succumbed to pressure from community members and did not testify against him.

The trial court appeared to rely on both grounds argued by the State and denied the motion to dismiss.

Following trial, the jury convicted Abawaji of the lesser-included offense of attempted murder in the second degree, assault in the first degree, and felony harassment.  The trial court vacated the first degree assault conviction on double jeopardy grounds.

(Dkt. 39, Ex. 2 at 1-4 (footnote omitted).)

## PROCEDURAL BACKGROUND

Petitioner appealed his judgment and sentence to the Washington Court of Appeals.  (*See id*., Exs. 3-5.)  On March 6, 2017, the Court of Appeals issued an unpublished opinion affirming petitioner's convictions.  (*Id*., Ex. 2.)  Petitioner thereafter filed a petition for review in the Washington Supreme Court.  (*Id*., Ex. 8.)  Petitioner presented the following issue to the Supreme Court for review:

Two or more offenses must be joined if they are related offenses, unless the prosecutor did not possess sufficient evidence to warrant trying them together, or the "ends of justice" would be defeated.  Arising out of a single incident, Mr. Abawaji was charged with assault and unlawful display of a weapon in municipal court, but the charges were dismissed when the victim failed to appear at trial.  Mr. Abawaji was subsequently charged with felony harassment for remarks he made during the assault and the prosecution was aware of these remarks.  Is an issue of substantial public interest that this Court must decide where the trial court erred in failing to dismiss the harassment count for a violation of mandatory joinder requiring dismissal of that count?

(Dkt. 39, Ex. 8 at 1.)  The Supreme Court denied review without comment on August 2, 2017, and

REPORT AND RECOMMENDATION - 3

1    the Court of Appeals issued a mandate terminating direct review on August 18, 2017.  (*Id*., Exs.

2    10, 11.)

3          On March 20, 2017, while his direct appeal was still pending, petitioner filed a personal

4    restraint petition in the Washington Court of Appeals.  (*Id*., Ex. 12.)  The Court of Appeals stayed

5    consideration of the petition pending final resolution of petitioner's direct appeal.  (*Id*., Ex. 13.)

6    On October 27, 2017, the Court of Appeals issued an order lifting the stay and dismissing the

7    personal restraint petition.  (*Id*., Ex. 14.)  Petitioner next filed a motion seeking reconsideration of

8    the Court of Appeals' order dismissing his personal restraint petition.  (*Id*., Ex. 15.)  Because the

9    challenged order was not subject to reconsideration under the Washington Rules of Appellate

10   Procedure, the state courts treated petitioner's motion as a motion for discretionary review.  (*Id*.,

11   Ex. 16)  In addition to his motion for discretionary review, petitioner submitted letters to the state

12   courts in which he appeared to raise additional issues for review.  (*Id*., Ex. 17.)

13         Petitioner, in his various submissions, appeared to present the following issues to the

14   Washington Supreme Court for review:  (1) the prosecutor presented false evidence; (2) the jury

15   failed to follow jury instruction 6, which told the jury how to consider the charges; (3) the evidence

16   was insufficient to support the convictions; and, (4) new evidence showed petitioner did not

17   commit the assault underlying the attempted murder.  (*See id*., Exs. 15, 17.)  On December 18,

18   2017, the Supreme Court Commissioner issued a ruling denying review.  (*Id*., Ex. 18.)

19         After the Commissioner issued his ruling, petitioner submitted a document to the Supreme

20   Court which he entitled "Motion for Facts."  (*Id*., Ex. 19.)  The Clerk advised petitioner that

21   because review had been denied, the only type of motion that could be filed was a motion to modify

22   the Commissioner's ruling.  (Dkt. 39, Ex. 20.)  Petitioner thereafter filed a motion to modify the

23   ruling, and that motion was denied on March 7, 2018.  (*Id*., Exs. 21, 22.)  The Court of Appeals

REPORT AND RECOMMENDATION - 4

1   issued a certificate of finality in petitioner's personal restraint proceedings on March 23, 2018.

2   (*Id.*, Ex. 23.)

3          Petitioner filed a second personal restraint petition in the Washington Court of Appeals on

4   August 21, 2017 while his first personal restraint petition was still pending.  (*See id.*, Ex. 24 at 2.)

5   The Court of Appeals stayed the petition pending final resolution of petitioner's first personal

6   restraint petition.  (*See id.*)  On August 10, 2018, the stay was lifted and the petition was dismissed.

7   (*Id.*, Ex. 24 at 1.)  Petitioner did not seek further review in the Washington Supreme Court, and a

8   certificate of finality was issued in petitioner's second personal restraint proceeding on October

9   12, 2018.  *See* http: //dw.courts.wa.gov (follow "Case Search Options" hyperlink; then go to

10  "Appellate Court Cases" tab; then follow "Appellate Case Number Search" hyperlink; then search

11  "Court Name:  COA, Division I" and "Case Number: 772830").  Petitioner now seeks federal

12  habeas review of his judgment and sentence.

13                                GROUNDS FOR RELIEF

14         Petitioner presents the following two grounds for relief in his second amended petition:[2]

15      1.    Prior to the 2015 trial, I moved to dismiss the felony harassment charges
             because 2014 misdemeanor case was dismissed with prejudice in municipal
16           court when ms Belte did not appear for trial.  That has nothing to do with
             me.  Therefor I should not have to prosecuted for a second time.  So it must
17           be dismissed

18      2.    State witness Officer McAuliffe testified by saying there was no blood, tisue
             or hair found on alleged weapon.  Mounira Boucenna also assured the jury
19           by saying there was no alleged weapon upon the defendant hands he never
             hit her with alleged weapon.  The proscuter misled the appealate court by
20           saying alleged weapon was checked by light, but it was never checked or
             told to the jury.  As a result of the fact jury found me self-defense and I
21           informed by my attorney but in ignoring judges instruction #6, they used
             the credibility of one case on another

22

23   _____

            [2] The Court has set forth petitioner's claims exactly as they appear in the second amended petition.

REPORT AND RECOMMENDATION - 5

(*See* Dkt. 15 at 5, 7.)

DISCUSSION

Respondent asserts in his answer to the second amended petition that petitioner did not properly exhaust his state court remedies with respect to either of his grounds for relief because he did not fairly present his claims to the Washington Supreme Court as federal claims. Respondent further asserts that petitioner's claims are now procedurally barred under an independent and adequate state law, and therefore are not cognizable in this federal habeas action absent a showing of cause and prejudice or actual innocence.

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

It is not enough that all the facts necessary to support a prisoner's federal claim were before the state courts or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claims. *Anderson*, 459 U.S. at 6. "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830

(9th Cir. 1996).   A habeas petitioner who fails to meet a state's procedural requirements for presenting his federal claims deprives the state courts of the opportunity to address those claims in the first instance.  *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

The record makes clear that petitioner did not present his claims to the Washington Supreme Court as federal constitutional claims either on direct appeal or in his first personal restraint proceeding.  (Dkt. 39, Exs. 8, 15, 17.)  Petitioner at no point identified any federal constitutional basis for his claims nor did he cite to any federal law in presenting his claims to the state courts.  (*See id*.)  Petitioner asserts in his response to respondent's answer that his claims have been properly exhausted because the claims he submitted to the state courts were "similar" to federal claims.  (Dkt. 37 at 5.)  However, as noted above, the fact that the claims presented to the state courts were similar to federal claims is not sufficient for proper exhaustion.  Petitioner has simply not demonstrated that any of his claims have been properly exhausted for purposes of federal habeas review.[3]

When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review.  *Coleman*, 501 U.S. at 735 n. 1.

Respondent asserts that petitioner, having failed to properly exhaust his federal habeas

---

[3]   Respondent was unable to obtain the state court file for petitioner's second personal restraint proceeding from the Washington Court of Appeals (*see* Dkt. 32 at 5 n. 2) and it is therefore unknown what claims petitioner may have presented therein.  However, this Court has confirmed that petitioner did seek any review by the Washington Supreme Court in his second personal restraint proceeding.  *See* http: //dw.courts.wa.gov (follow "Case Search Options" hyperlink; then go to "Appellate Court Cases" tab; then follow "Appellate Case Number Search" hyperlink; then search "Court Name:  COA, Division I" and "Case Number: 772830").  Thus, regardless of the nature of the claims presented in petitioner's second personal restraint petition, it is clear the claims have not been properly exhausted for purposes of federal habeas review.

REPORT AND RECOMMENDATION - 7

1    claims, would now be barred from presenting those claims to the state courts under the state time

2    bar statute, RCW 10.73.090.  RCW 10.73.090(1) provides that a petition for collateral attack on a

3    judgment and sentence in a criminal case must be filed within one year after the judgment becomes

4    final.  Petitioner's conviction became final on August 18, 2017 when the Washington Court of

5    Appeals issued its mandate terminating direct review.  RCW 10.73.090(3)(b).  It therefore appears

6    clear that petitioner would now be time barred from returning to the state courts to present his

7    unexhausted claims.  This Court therefore concludes that petitioner has procedurally defaulted on

8    his federal habeas claims.

9        When a state prisoner defaults on his federal claims in state court, pursuant to an

10    independent and adequate state procedural rule, federal habeas review of the claims is barred

11    unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

12    alleged violation of federal law, or can demonstrate that failure to consider the claims will result

13    in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

14        To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show

15    that some objective factor external to the defense prevented him from complying with the state's

16    procedural rule.  *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

17    To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors

18    at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial

19    disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v.*

20    *Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).  Only in an "extraordinary case" may the

21    habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental

22    miscarriage of justice" where a constitutional violation has resulted in the conviction of a

23    defendant who is actually innocent.  *Murray*, 477 U.S. at 495-96.

REPORT AND RECOMMENDATION - 8

Petitioner asserts in his response to respondent's answer that it was impossible for him to cite to federal law in his proceedings before the state courts because he did not have the knowledge or training necessary to do so.  (Dkt. 37 at 4.)  However, as a general matter, a petitioner's pro se status and ignorance of the law do not satisfy the cause standard.  *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir.1986); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988).  Thus, petitioner has not established cause for his procedural default.

Because petitioner has not met his burden of demonstrating cause for his procedural default, this Court need not determine whether there was any actual prejudice.  *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)).  In addition, petitioner makes no colorable showing of actual innocence.  Petitioner therefore fails to demonstrate that his unexhausted claims are eligible for federal habeas review and, thus, his second amended federal habeas petition should be dismissed.

<u>Certificate of Appealability</u>

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability.

/ / /

REPORT AND RECOMMENDATION - 9

CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's second amended petition for writ of habeas corpus be dismissed with prejudice on the grounds that petitioner's federal habeas claims are unexhausted and procedurally barred. This Court also recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 15, 2019**.

DATED this 23rd day of January, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10